```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
                                        :
UNITED STATES OF AMERICA                        22 Cr. 478 (CS)
                                        :
   - v. -
                                        :
CRAIG MAJOR
                                        :
---------------------------------------X
```

                    SENTENCING MEMORANDUM


Dated:   White Plains, New York
         January 27, 2023

                                    Federal Defenders of New York
                                    Benjamin Gold
                                    Attorney for Craig Major
                                    81 Main Street
                                    White Plains, NY  10601
                                    (914) 458-8128


To:  Damian Williams, Esq.
     United States Attorney
     Southern District of New York
     One St. Andrews's Place
     New York, New York
     Attn: Stephanie Simon
     Assistant United States Attorney

**Federal Defenders**
OF NEW YORK, INC.

Southern District
81 Main Street, Suite 300
White Plains, N.Y. 10601-4150
Tel: (914) 428-7124 Fax: (914) 948-5109

David E. Patton
*Executive Director
and Attorney-in-Chief*

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

January 27, 2023

<u>Via Email and ECF</u>

The Honorable Cathy Seibel
United States District Court Judge
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

    Re:    United States v. Craig Major
             22-CR-478

Dear Honorable Seibel:

    In order to help fuel his own substance abuse, Mr. Major sold old ammunition to a confidential informant. PSR ¶ 14. This was unlawful, but does not necessitate a lengthy prison sentence, especially in light of Mr. Major's prompt acceptance of responsibility and his sympathetic past. For these reasons, and because Mr. Major is a loving support to his family, I ask that Your Honor impose a below Guidelines sentence of 30 months.

### *Mr. Major's Childhood*

    Mr. Major was born in Yonkers in 1986. PSR ¶ 43. His mother, Millicent Major, worked variously as a school bus monitor and in a nursing home while his father, Craig Major Sr., worked in a factory. *Id.* at ¶ 43, 46. Mr. Major's parents raised Mr. Major and his two older sisters, Ronte and Tonya, in Yonkers. *Id.* at ¶ 45-47, 51. The family was not rich, but could afford most essentials. *Id.* Mr. Major's parents, however, both abused drugs. *Id.* at ¶ 47. Both of Mr. Major's parents attended drug treatment and his father was at times incarcerated for theft and drug related crimes. *Id.* at ¶ 47, 51. In light of this, Mr. Major's siblings and grandparents stepped in and helped raised Mr. Major. *Id.* ¶ 51. For instance, Mr. Major's oldest sister (Ronte Johnson) began work at 14 to help support the family

Case 7:22-cr-00478-CS   Document 22   Filed 01/27/23   Page 3 of 9

The Honorable Cathy Seibel                                           Page **2** of **8**
United States v. Craig Major (22 Cr. 478)        Sentencing Submission (January 27, 2023)

and, when she went off to college, she continued to send money home to help support Mr. Major. *Id*. at ¶ 51.[1] Ms. Johnson recalls that Mr. Major suffered after she left for college, largely because he no longer had positive guidance in the home. *Id*. at ¶ 51-52. In her letter to Your Honor, Ms. Johnson explains that Mr. Major

> Grew up in Yonkers, New York at the height of the Crack Epidemic. Both of my parents were substance abusers. They managed to keep housing and just enough food in the house to keep Child Protective Services away, with the help of public assistance. But we were severely impacted. Given the first opportunity to get as far away from Yonkers as possible, I took it. I left to attend college in Georgia and took my sister with me. Craig was 13 years of age, then. Although I wanted desperately to bring Craig with me, I did not have legal guardianship or a place for him to live. This was a pivotal moment in our lives. Often, I am ridden with guilt and think "what if". The years following, Craig looked for role models in family members that did not have his best interest in mind. He was often placed in a position that a child should not be. There was not much parental oversight as my parents continued to battle their addiction. Craig became a casualty of war and victim of circumstances.
>
> Ronte Johnson Letter (Exhibit A).[2]

***Mr. Major's Adult Years, Substance Abuse and Related Arrests***

---

[1] Ms. Johnson currently works at a health center in Colorado as the Director of Behavioral Health. *Id*. at ¶ 52. As detailed in her letter, her agency helps ex-offenders who are released from prison and she requests that Mr. Major be allowed to move to Colorado upon his release in this case so that she can "support and aid him in obtaining meaningful employment, education, a driver's license, and suitable housing." Ronte Johnson Letter (Exhibit A).

[2] Mr. Major's other sister, Latanya, also wrote a letter on behalf of Mr. Major. In her letter, she explains that "Like most families in the neighborhood, we struggled with low income and substance abuse from our parents. This made for a hard life, but we loved each other through it." Latanya Major Letter (Exhibit B).

The Honorable Cathy Seibel                                      Page **3** of **8**
<u>United States v. Craig Major (22 Cr. 478)</u>         Sentencing Submission (January 27, 2023)

      Mr. Major began using marijuana as a young teenager and he continued using marijuana until his arrest in this case.  PSR ¶ 59.  As an adult, Mr. Major also used alcohol, Ecstasy, cocaine and Percocet.  *Id.* at ¶ 60-62.  His substance abuse has resulted in a significant criminal record.  As a teenager, Mr. Major was twice convicted of drug possession and also sustained convictions for resisting arrest and making graffiti.  *Id.* at ¶ 28-31.  At twenty, Mr. Major was prosecuted in federal court for selling drugs in Yonkers in June, 2006.  *Id.* ¶ 32.  Mr. Major was sentenced to five years in prison for this offense.  *Id.*  He was released in 2010 and Mr. Major continued to abuse drugs.  *Id.*  In 2012, Mr. Major was arrested and served six-months for misdemeanor drug possession.  *Id.*¶ 33.  Then in 2013, Mr. Major was charged with being involved in a drug conspiracy between 2005 and 2013.  *Id.* ¶ 34.  He pleaded guilty and was sentenced to 70 months incarceration.  *Id.*

      Despite his addiction, Mr. Major has been able to work some jobs.  He has worked in building maintenance, as a mover, and in a warehouse.  *Id.* at ¶ 75-77.  And when his mother's health began decline, he was able to find employment as her aide, earning roughly $375 a week.  *Id.* at ¶ 44, 74.  Mr. Major likes to work, as it gives him an opportunity to help support his family – most importantly, his teenage son ▇▇▇.  *Id.* at ¶ 49.

      While Mr. Major has attended some drug treatment, he has not been able to maintain prolonged periods of sobriety.  *Id.* at ¶ 64-66.  Moreover, as noted in the VOSR paperwork, prior to his arrest in this case Mr. Major tested positive for marijuana and had been unsuccessfully discharged from a substance abuse program.

### *The Offense and Immediate Acceptance of Responsibility*

      As a result of his 2013 federal drug case, Mr. Major was incarcerated from 2013 through 2020.  *Id.* ¶ 34.  He was released from federal prison in March, 2020.  *Id.*  Mr. Major returned to Yonkers and moved back in with his mother.  *Id.* at ¶ 50.  He also continued his drug use.  *Id.* at ¶ 34.  He was referred to a drug program in

Case 7:22-cr-00478-CS   Document 22   Filed 01/27/23   Page 5 of 9

The Honorable Cathy Seibel                                        Page **4** of **8**
United States v. Craig Major (22 Cr. 478)    Sentencing Submission (January 27, 2023)

New Rochelle, but was promptly discharged. *Id.* at ¶ 56. Mr. Major recalls that the discharge related to his difficulty finding transportation between New Rochelle and Yonkers. *Id.* In September and January of 2021, Mr. Major tested positive for marijuana. *Amended Violation Report,* P. 2. Around this time, his godbrother died, as did other members of Mr. Major's family. PSR ¶ 62. Mr. Major began abusing Percocet. *Id.* His work as a home health aid could not support his habit or allow Mr. Major to contribute to his family, so when a confidential informant offered Mr. Major money for a firearm Mr. Major was interested. *Id.* at ¶ 8, P. 22. But, Mr. Major did not have access to a gun. Instead, he only had old bullets, which he sold to the undercover officer for $150. *Id.* at ¶ 8.

Mr. Major was arrested in May, four months after he had sold the ammunition. *Id.* at ¶ 10. He pleaded guilty shortly thereafter. *Id.* at ¶ 3.

## Guidelines

According to Probation, Mr. Major's base offense level is 24 because his two federal drug convictions constitute separate controlled substance offenses. *Id.* at ¶ 17, 32, 33, P. 19. While it is true that Mr. Major has two separate federal controlled substance convictions, they should be counted together for predicate sentencing purposes because each conviction encompassed the same specific conduct. Mr. Major's first federal conviction was for a drug sale that occurred in June, 2006. *Id.* at ¶ 32. His second federal conviction was for a drug conspiracy that also involved drug sales from 2006 (and earlier and afterwards). *Id.* at ¶ 34. As such, these cases were not separated by an "intervening arrest" because Mr. Major's participation in components of the drug conspiracy (federal case # 2) occurred at the same time as his drug sale (federal case # 1). And while each conviction originated from separate accusatory instruments, the conduct alleged in each charging document is the same and therefore constitutes "offenses contained within the same charging instrument." *See* USSG § 4A1.2(a)(2). Thus, Mr. Major's federal convictions should be counted together, and his base offense level is 20. *See* USSG § 2K2.1(a)(4)(A). For the same

Case 7:22-cr-00478-CS   Document 22   Filed 01/27/23   Page 6 of 9

The Honorable Cathy Seibel                                    Page **5** of **8**
United States v. Craig Major (22 Cr. 478)    Sentencing Submission (January 27, 2023)

reason, Mr. Major should not be assessed three criminal history points for each prior federal conviction.  USSG § 4A1.2(a)(2).  As a result, Mr. Major has five criminal history points, not eight as Probation determined.[3]  Thus, Mr. Major's Guidelines range is 30 to 37 months.

### *The Most Appropriate Sentence:  30 Months*

As Your Honor is well aware, in selecting a sentence this Court takes as its "lodestar the parsimony clause of 18 U.S.C. § 3553(a)." *United States v. Douglas*, 713 F.3d 694, 700 (2d Cir. 2013). That provision directs sentencing courts to "'impose a sentence sufficient, but not greater than necessary, to comply with' the factors set out in 18 U.S.C. § 3553(a)(2)," i.e., "proportionality, deterrence, incapacitation, and rehabilitation." *Id*. In *United States v. Ministro-Tapia*, 470 F.3d 137 (2d Cir. 2006), the Second Circuit explained that if the Court believes a lower sentence will be as effective as a higher sentence in serving the purposes of sentencing, **it must choose the lower sentence**. *See id*. at 142 (observing that where a guidelines sentence is "in equipoise with [a] below-the-range sentence," the parsimony clause requires imposition of the lower sentence).

In this case, a sentence of 30 months (24 for the gun charge, and an additional six months for the violation of probation) is more than sufficient.  While Mr. Major should not have sold bullets, his crime – selling bullets to a confidential informant – should not be punished the same as gun possession, especially in light of Mr. Major's motive: he sold the spare bullets to get money for his drug habit and to support his family.  PSR ¶ 14.  Moreover, Mr. Major's sympathetic past, his devotion to his family and his prompt acceptance of responsibility, all justify leniency.

---

[3] As noted by Probation, Mr. Major's misdemeanor conviction from 2012 should not be assessed any criminal history points because it constitutes relevant conduct to Mr. Major's second federal conviction.  PSR ¶ 33, P. 19.

Case 7:22-cr-00478-CS   Document 22   Filed 01/27/23   Page 7 of 9

The Honorable Cathy Seibel                                              Page **6** of **8**
United States v. Craig Major (22 Cr. 478)           Sentencing Submission (January 27, 2023)

A. The Nature and Circumstances of Mr. Major's Conduct Do Not Compel a Lengthy Prison Sentence

Mr. Major's unlawful conduct warrants punishment, but it does not justify a lengthy term of incarceration. As the Court is well aware, the Guidelines punish Mr. Major's possession of ammunition the same as if he had possessed a gun on the street. But, conduct matters. Mr. Major did not possess a gun and punishing him as such would amount to an excessive punishment.

B. Mr. Major's History and Characteristics Warrant Leniency

While Mr. Major has a criminal record, his prior convictions are non-violent and relate to Mr. Major's own substance abuse. PSR ¶ 28-41. Even Mr. Major's felony narcotics conspiracy conviction from 2015 consisted of street level hand-to-hand sales, *Id.* at ¶ 34, which are not the actions of someone making a living as a drug dealer and instead suggest that Mr. Major was an addict trying to fuel his addiction.

Despite his significant substance abuse problems, Mr. Major has maintained periods of employment and been a steady support to his family. PSR ¶ 49-50, 72-77. He helps his mother, who recently suffered a stroke. She describes Mr. Major as her "homemaker" and "caretaker." Millicent Major Letter (Exhibit C). As detailed by Sherrie Coleman (Mr. Major's sister-in-law), Mr. Major cares for his mother by cleaning her apartment, taking to her to her medical appointments and "ensuring . . . [she has] everyday essentials." Sherrie Coleman Letter (Exhibit D). Ms. Coleman also explains that Mr. Major is a loving dad, who "made a lot of time for his son daily to ensure his son completed his schoolwork. He also made time to go to his son's school to meet his teachers and spent time with his son to teach his son the roles and responsibilities of being a man." *Id.*

Finally, Mr. Major is worthy of a variance because his childhood was toxic. Both of Mr. Major's parents abused drugs, which left Mr. Major to largely fare for himself, especially after his older sisters left the familial home. PSR ¶ 47. Ronte

Johnson Letter (Exhibit A), Latanya Major Letter (Exhibit B).  Mr. Major has abused drugs and alcohol since he was a child, but this does not mean that he is irredeemable.  Indeed, he has the support of his family and his oldest sister – who has professional expertise helping the formerly incarcerated – is willing to help Mr. Major if he is permitted to move to Colorado.  Ronte Johnson Letter (Exhibit A).

    C.    <u>Mr. Major has been Deterred</u>

Regarding deterrence, Mr. Major has been specifically deterred.  Due to his actions, Mr. Major was arrested and incarcerated and now he faces the prospect of a significant prison sentence for selling loose ammunition in to support his alcohol and drug habit.  Research shows that a more severe sentence does not lead to greater specific deterrence for individual defendants.  <u>See</u> The Honorable Peggy Fulton Hora & Theodore Stalcup, *Drug Treatment Courts in the Twenty-First Century: The Evolution of the Revolution in Problem-Solving Courts*, 42 GA. L. REV. 717, 724 (2008).  The same can be said for general deterrence.  Studies have proven that more severe sentences do not result in greater general deterrence.  Michael Tonry, Purposes and Functions of Sentencing, 34 CRIME AND JUSTICE REVIEW: A REVIEW OF RESEARCH 28-29 (2006) ("[I]ncreases in severity of punishment do not yield significant (if any) marginal deterrent effects. . . .  Three national Academy of Science panels, all appointed by Republican presidents, reached that conclusion, as has every major survey of the evidence.").  It is the certainty of being prosecuted rather than the severity of punishment that deters crime. <u>See</u> Nat'l Inst. of Just., Five Things About Deterrence, Jun. 6, 2016.  The fact that Mr. Major was arrested, detained, prosecuted, convicted and sentenced, will provide sufficient general deterrence; a term of incarceration in excess of thirty months is not required for an individual who, like Mr. Major, is remorseful and whose conduct relates to his own drug addiction.

    \*   \*   \*

The Honorable Cathy Seibel Page **8** of **8**
<u>United States v. Craig Major (22 Cr. 478)</u> Sentencing Submission (January 27, 2023)

     There is nothing to be gained by a draconian sentence in this, especially in light of Mr. Major's remorse and his speedy acceptance of responsibility.  For the reasons set forth above, I respectfully ask that the Court to impose a sentence of thirty months of incarceration.

     Thank you for your consideration of this request.

 Respectfully,

 //s

 Benjamin Gold
 Assistant Federal Defender

cc: Assistant U.S. Attorney Stephanie Simon